Aaron J. Tolson (ISBN 6558)
TOLSON & WAYMENT
2677 E. 17th Street Suite 300
Ammon, Idaho  83406
Phone: 208-228-5221
Fax:  208-228-5200
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | | |
|---|---|---|
| MARK MURDOCK, | ) | |
| | ) | Case No. |
| Plaintiff(s), | ) | |
| | ) | COMPLAINT |
| vs. | ) | |
| | ) | |
| UNITED STATE BUREAU OF LAND | ) | |
| MANAGEMENT; BRETT HARRIS, | ) | |
| Range Con; NEIL KORNZE, Director; | ) | |
| GLEN GUNTHER, Field Manager, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Plaintiff for cause of action against Defendant, complains and alleges:

1.     This action seeks judicial relief ordering Defendants to the comply with the

requirements of the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. §§ 1701–84,

with respect to the United State of America, acting under the Bureau of Land Management's

("BLM") management of public lands within the WBW administrative unit, specifically Upper Black

Creek, Big Draw, Sheep Springs, Old Farm, and Moffett ("Allotment"), located in the desert of

eastern Idaho, which has associated grazing rights granted to Plaintiffs, Mark Murdock individually

and his wholly- owned company Murdock Farms (collectively "Murdock").

2.     The regulations require that a rancher exercising grazing rights must have a specific

1 - COMPLAINT

base property suitable for supporting livestock (43 CFR Part 4100). BLM determined that Murdock had lost his base property and as such had lost the right to renew grazing rights for domestic livestock grazing within the public lands within the allotment.

3.      Murdock cattle have used the grazing rights in the allotment for 20 years, and are currently in feed lots and ready to go on the summer range approximately May 15, 2016. The allotment is associated with Idaho public lands and United States Forest Service lands also granting Murdock grazing rights, and have been skillfully built up over years to work harmoniously to further the aims of the FLPMA in balancing the competing interests in public lands.

4.      The trouble began with a land deal entered into by Plaintiff Mark Murdock's brother, to sell a forest permit where he inadvertently deeded away the base property. Only 23 acres in Pass Creek were to be sold of 63 acres which left 40 acres of base property. The title office did not list acres, and the error was not notice. The error was immediately rectified, and the Forest Service and State of Idaho renewed the grazing permit. The BLM indicated that the grazing right terminated immediately, relying on the language in 43 CFR Part 4100, section 4110.1-1 (d) but ignoring various other provisions allowing for the transfer of a base property or extensions of the grazing rights. Murdock has addressed the issue and has the base property necessary to exercise the grazing rights. Murdock has paid his fees and has otherwise been in compliance with all legal requirements.

5.      The local BLM has suggested that generally there is an effort to extinguish grazing rights nationally, and if they allow Murdock to use the land, they could be sued by various environmental interests. In reality, BLM decisions like this will further degrade these important lands and prevent proper use of the resource in violation of FLPMA.

6.      Plaintiffs have been injured by BLM's refusal or failure to comply with these statutory and regulatory obligations.  Murdock has invested significant resources in protecting the allotment from improper cattle use and allowing continued livestock grazing at the same level will not adversely affect these resources. BLM's final decision was arbitrary, capricious, and not in accordance with FLPMA, and will result in significant adverse financial impacts to Murdock and environmental impacts, some of which may be long-term or irreversible in nature.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this action arises under the laws of the United States, FLPMA, 43 U.S.C. §§ 1701–1784, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Equal Access to Justice Act, 28 U.S.C. § 2412 *et seq.* An actual, justiciable controversy exists between the parties, and the requested relief is therefore proper under 28 U.S.C. §§ 2201–2202 and 5 U.S.C. § 701–06.

8.      Venue is proper in this Court under 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district, Defendants operate in this district, and the public lands and resources and agency records in question are located in this district.

9.      The federal government has waived sovereign immunity in this action pursuant to 5 U.S.C. § 702.

## PARTIES

10.      Plaintiffs Mark Murdock and Murdock Farms ("Murdock") are long time residents of eastern Idaho.  Murdock resides in Terreton, Idaho.  Murdock and his family before him have

raised premium beef cattle for about 100 years, and have actively protected, defended, and restored the health of Idaho's native deserts through responsible ranching. Murdock actively participates in BLM and Department of the Interior proceedings and decisions concerning the management of public lands in eastern Idaho. Murdock brings this action on its own behalf to continue his efforts of working with the BLM to meet the goals of FLPMA in the Allotment area.

11.     BLM's failure or refusal to comply with federal laws and regulations directly affects Murdock's interests. The interests of Murdock and the public have been and will continue to be injured and harmed by BLM's actions and/or inactions as complained of herein. Unless the relief prayed for herein is granted, Plaintiffs and their members will continue to suffer on-going and irreparable harm and injury to their interests.

12.     Defendant GLEN GUNTHER is sued solely in his official capacity as Field Manager for this Allotment area of the Bureau of Land Management. The Field Manager is the BLM official responsible for authorizing the grazing permit renewals, and has principal authority for the actions and inactions alleged herein.

13.     Defendant BRETT HARRIS is sued solely in his official capacity as Range Con for the allotment area of the Bureau of Land Management. Mr. HARRIS is the one of the BLM officials responsible for authorizing and overseeing the grazing permit renewals, and has principal authority for the actions and inactions alleged herein.

14.     Defendant UNITED STATES BUREAU OF LAND MANAGEMENT ("BLM") is an agency or instrumentality of the United States, and is charged with managing the public lands and resources of the allotment area, in accordance and compliance with federal laws and regulations. BLM is the federal agency that issues grazing permits on lands managed by the BLM.

15.     UNITED STATES DEPARTMENT OF THE INTERIOR is an executive branch department of the United States and is charged with managing the public lands and resources, including those at issue in this action, in accordance and in compliance with federal laws and regulations. This includes the responsibility for overseeing and directing how its components and agencies implement those federal laws and regulations. The BLM is an agency of the United States situated within the Department of the Interior.

<u>STATEMENT OF FACTS</u>

16.     The Allotment area is a patchwork of private and public land divided into grazing Allotments, with BLM managing a large portion of acres of the area. It features many natural resource values.

17.     The Allotment area has been determined to be suitable range for up to 286 cattle, and has been continuously used for this for over 100 years.

18.     When Murdock called in to the BLM office the BLM iformed him the grazing rights were not being renewed, that there were no appeal rights, and when asked how the situation could be remedied, Murdock was told that there was no remedy.

19.     Murdock has over 150 hungry cattle in a feed lot ready to access their summer range. Under to the circumstances, it is impossible to access the grazing rights already obtained from the state of Idaho and the Forest Service without the BLM grazing permits.

20.     BLM admits that they have allowed other people to access their grazing rights through an exchange of base properties, one example is Pancheri Inc. In Idaho Falls.

21.     In 1995, the Department of the Interior adopted the Federal Rangeland Health ("FRH") regulations, 43 C.F.R. 4180 *et seq.*, pursuant to FLPMA. The FRH regulations establish

fundamental ecological criteria for the management of livestock grazing on BLM public lands. These criteria relate to water quality, riparian habitat, watershed conditions, and species habitat. Murdock is aware of these and works with the BLM to comply.

22.     The regulations require BLM to assess ecological conditions on the public lands, and then make a determination whether specific rangeland health standards are, or are not, being met in those areas. If standards are not being met, and BLM determines that existing grazing management or levels of grazing use are significant causal factors for the failure, the FRH regulations expressly require BLM to implement grazing management changes on those lands no later than the start of the next grazing season. Murdock is unaware of any concerns with regard to these issues on the Allotment.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF APA

23.     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

24.     The First Claim for Relief challenges defendants' violation of the APA and associated implementing regulations, in failing to allow the resource use, and failure to allow for an appeal of the decision, and the claim is brought pursuant to the judicial review provisions of the APA, 5 U.S.C. § 706.

25.     To satisfy APA's procedural requirements, an agency must demonstrate it has considered the consequences of the proposed action.

26.     Defendants violated federal regulations in multiple respects through refusing issuance of the challenged grazing management decisions, including:

   a.     Adopting the challenged decision without first preparing an EIS addressing

6 - COMPLAINT

a proposed action,

b.     Adopting the decision to not renew the grazing permit without taking the requisite look at all the significant and potential resource impact of the action.

c.     Adopting the challenged decision without considering the direct, indirect and cumulative impacts of the termination of the grazing right.

d.     Refusing to consider whether the base property issue could be resolved.

27.     Accordingly, defendants' decision to not renew the grazing right on the allotment is arbitrary, capricious, an abuse of discretion, and not in accordance with the FLPA and associated regulations, and therefore is actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF FLPMA

28.     Plaintiffs reallege and incorporate by reference all preceding paragraphs.

29.     The Second Claim for Relief challenges defendants' violation of the Federal Land Policy and Management Act, 43 U.S.C. §§ 1701 *et seq.*, and its implementing regulations, with respect to the challenged grazing and vegetation management decisions for the NFMGMA. This claim is brought pursuant to the judicial review provisions of the APA, 5 U.S.C. § 706.

30.     FLPMA governs BLM's management of the federal public lands. Under FLPMA, BLM "shall manage the public lands under principles of multiple use and sustained yield." 43 U.S.C. §1732(a). To accomplish this, BLM "shall . . . take any action necessary to prevent unnecessary or undue degradation of the [public] lands." Id. § 1732(b). BLM also must "prepare and maintain on a continuing basis an inventory of all public lands and their resource and other values (including, but not limited to, outdoor recreation and scenic values)." Id. § 1711(a). The "inventory shall be kept

current so as to reflect changes in condition and to identify new and emerging resource and other values." Id.

31.     Defendants violated FLPMA and federal regulations by refusing to renew the grazing permit, because: the decision apparently was influenced by fear of lawsuits from environmental groups using inaccurate information for wilderness resource values; and Defendants have not collected or updated relevant information on wilderness resource values and/or have not conducted field inventory work or other analysis necessary to determine whether the public lands identified as having outstanding wilderness values, indeed possess such values. Defendants therefore have not properly balanced wilderness against other multiple-use resource values on the public lands. BLM's final decisions therefore may cause unnecessary or undue degradation and permanent impairment of public lands and resources, in violation of FLPMA.

32.     Accordingly, defendants' final decisions are arbitrary, capricious, an abuse of discretion, and not in accordance with the Federal Land Policy and Management Act, and therefore are actionable pursuant to the APA, 5 U.S.C. § 706(2)(A).

### PRAYER FOR RELIEF

Wherefore plaintiffs respectfully request that the court Grant the following:

1.     An order declaring the judge that defendants final decision pursuant to the Murdock grazing permit is unlawful and in violation of the APA and FLPMA;

2.     Issue an injunction barring defendants from implementing for further preventing Murdock from exercising the allotment grazing rights;

3.     Issue an order setting aside the decision and order that Murdock be allowed to graze his cows pending a final decision;

4.     Issue appropriate mitigating order including an order allowing the livestock to graze till further order of the court;

5.     Allowing reasonable attorney fees and costs as provided by the equal access to Justice act 28 USC 2412;

6.     And for such other relief as the court deems just and proper.

JURY TRIAL IS REQUESTED.

DATED this 25ᵗʰ day of April, 2016.

TOLSON & WAYMENT

By: _____
Aaron J. Tolson
Attorney for Plaintiff

9 - COMPLAINT

## VERIFICATION

STATE OF IDAHO                    )
                                  ) ss
County Bonneville                 )

      Mark Murdock, being first duly sworn, deposes and says: he is the Plaintiff in the above-entitled matter; that he has read the above and foregoing document, knows the contents thereof, and that he believes the facts stated therein to be true.

      DATED this ___ day April, 2016.

_____
Mark Murdock

      SUBSCRIBED AND SWORN TO before me this ___ day April, 2016.

_____
Notary Public for Idaho
Residing at _____
My commission expires: _____

10 - COMPLAINT